UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANDACE A. BORNT, MICHAEL CRANDALL, ) KATHLEEN HANS,  ANDREA FIERRO, ) JUDITH FRANGOS, CHARLENE RIVET, AND ) NANCY KUTNER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> RENSSELAER POLYTECHNIC INSTITUTE ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 1:10-CV-0702 <br> **COMPLAINT**   (LEK/RFT) |

**JURY TRIAL DEMANDED**

Plaintiffs, Candace Bornt, Michael Crandall, Kathleen Hans, Andrea Fierro, Judith Frangos, Charlene Rivet and Nancy Kutner (collectively "Plaintiffs"), in the above-captioned action, by and through their attorneys Anderson Byrne LLC, for its Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1.      This case is brought pursuant to: (a) the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended (hereinafter "ADEA") for Rensselaer Polytechnic Institute's (hereinafter "RPI") discrimination against Plaintiffs due to their age; and (b) New York State Human Rights Law, New York Executive Law § 290 *et seq.* (hereinafter "NYEL") for RPI's discrimination against Plaintiffs because of their age.

## JURISDICTION AND VENUE

2.      Jurisdiction is specifically conferred upon this United States District Court by 29 U.S.C. §§ 626 (C) (1).

3.      This Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C . 1367(a), as Plaintiffs' NYEL claims form part of the same case and controversy.

4.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

5.      RPI is located at 110 8th Street, in Troy, New York 12180, in the Northern District of New York.

6.      Venue in the Northern District of New York is hereby the proper venue under 28 U.S.C. § 1391.

## PARTIES

7.      Plaintiff, Candace A. Bornt ("Ms. Bornt") is a New York resident of the City of Troy in Renssalear County, NY.  She was employed continuously by RPI for a period of approximately thirty-eight years and was in the position of Administrative Assistant in the Chemistry and Chemical Biology Department when she was terminated on December 16, 2008 at the age of 61.  Her salary at the time of termination was approximately $42,800 per year.

8.      Despite her job title, Ms. Bornt's job responsibilities at RPI were akin to those of an Office Manager and Financial Manager as her responsibilities included managing the day to day budget and financial operations of the department, being a

signatory for the department's financial operations, preparing periodic financial forecasts, and interacting with other RPI Financial Managers on joint funding procedures.

9.      Ms. Bornt was crucial to the smooth operation of the Department, held much irreplaceable institutional knowledge and consistently received excellent performance evaluations with respect to her job performance.

10.      Ms. Bornt's performance between April 1, 2007 and March 31, 2008 was so satisfactory that she received a letter of appreciation and a salary increase from the Vice President of Human Resources and the Dean of the School of Science in June 2008, just months before her position was eliminated.

11.      In addition to formal recognition from RPI administrators, Ms. Bornt received excellent informal feedback on her value to the Chemistry Department from departmental staff, faculty and students some of which were in the form of various emails commending Ms. Bornt's job performance and expressing shock and disappointment over her termination.

12.      Plaintiff, Michael Crandall, ("Mr. Crandall") is a New York resident of the Town of Brunswick in Rensselaer County, NY.  He was employed continuously by RPI for a period of twenty-eight years and was in the position of Lead Athletic Facilities Specialist in the Athletics Department when he was terminated on December 16, 2008 at the age of 48.  His salary at the time of his termination was approximately $41,000.

13.      Mr. Crandall's job responsibilities at RPI included assisting with supervision of Athletic facilities Specialists, performing repairs of athletic equipment, maintaining record keeping of athletic equipment and providing guest relations for visiting teams.

14.     Mr. Crandall received Satisfactory and Exceeds Standards ratings on the Duties and Responsibilities portion of his 2008 Performance Evaluations.

15.     In June 2008, just months before his position was eliminated, Mr. Crandall received a letter from the Vice President of Human Resources and the Dean of the School of Science, which recognized his contributions to RPI and granted him a salary increase.

16.     In addition to formal recognition, Mr. Crandall received commendation and letters of thanks from users of the athletic facilities to whom he gave support.

17.     Plaintiff, Kathleen Hans, ("Ms. Hans") is a New York resident of the City of Troy in Renssalear County, NY.  She was employed continuously by RPI for a period of ten years and was in the position of Research Analyst, Advancement Communications and Business Intelligence, when she was terminated on December 16, 2008 at the age of 58.  Her salary at the time of her termination was approximately $38,000 per year.

18.     Ms. Hans' job responsibilities at RPI included performing research, statistical analysis, conducting and evaluating surveys, and market analyses.

19.     Ms. Hans performed her job responsibilities satisfactorily and received "Satisfactory" and "Exceeds Standards" ratings on her 2008 Performance Evaluation.

20.     Plaintiff, Andrea  Fierro, ("Ms. Fierro") is a New York resident of the City of Troy in Renssalear County, NY.  She was employed continuously by RPI for a period of forty-one years and was in the position of Operations Associate in the Division of Enrollment Management when she was terminated on December 16, 2008 at the age of 60.  Her salary at the time of her termination was approximately $38,876.

21.     Ms. Fierro's job responsibilities included handling inquiries from students and parents regarding financial aid, processing financial aid applications, handling billing and registration.

22.     Ms. Fierro performed her job responsibilities satisfactorily and received 'Satisfactory' and 'Exceeds Standards' ratings on her 2008 Performance Evaluation.

23.     In June 2008, Ms. Fierro received a letter from the Vice President of Human Resources that recognized her performance and contributions to RPI and granted her a salary increase, just months before her position was eliminated.

24.     Plaintiff, Judith Frangos, ("Ms. Frangos") is a Vermont resident of the Village of North Bennington in Bennington County, VT.  She was employed continuously by RPI as a Librarian in the Rensselaer Research Libraries for a period of four and one-half years when she was terminated on December 16, 2008 at the age of 66. Her salary at the time of her termination was approximately $53,000 per year.

25.     Ms Frangos performed her job responsibilities satisfactorily and received mostly 'Satisfactory' and 'Exceeds Standards' ratings on her 2008 Performance Evaluation.

26.     Plaintiff, Charlene Rivet, ("Ms. Rivet") is a New York resident of the City of Cohoes in Albany County, NY.  She was employed continuously by RPI for a period of thirty-two years and was in the position of Business Coordinator in the Procurement and Administrative Services Department when she was terminated on December 16, 2008 at the age of 54.  Her salary at the time of her termination was approximately $42,750.24 per year.

27.     Ms. Rivet performed her job responsibilities satisfactorily and received 'Satisfactory' ratings on her 2007/2008 Performance Evaluation.

28.     In June 2008, Ms. Rivet received a letter from the Vice President of Human Resources that recognized her performance and contributions to RPI and granted her a salary increase, just months before her position was eliminated.

29.     Plaintiff, Nancy Kutner ("Ms. Kutner") is a New York resident of the City of Troy in Rensselaer County, NY.  She was employed continuously by RPI for a period of thirty-one years and was in the position of Senior Information Consultant when she was terminated on December 16, 2008 at the age of 58.  Her salary at the time of her termination was approximately $59,700 per year.

30.     Ms. Kutner performed her job responsibilities satisfactorily and received 'Satisfactory' and 'Exceeds Standards' ratings on her 2008 Performance Evaluation.

31.     Defendant, Rensselaer Polytechnic Institute ("RPI") is a private research university located at 110 8th Street, in Troy, New York 12180, which offers undergraduate and graduate degrees in five separate schools. Each school is divided into various departments, and the highest ranking faculty member of each school is the Dean of the School.

32.     Plaintiffs are employees within the meaning of the ADEA and the NYEL.

33.     During all relevant times of this Complaint, Plaintiffs were members of a protected class within the meaning of the ADEA and the NYEL in that they were all over forty years of age.

## ADMINISTRATIVE PROCEEDINGS

34.    Each of the Plaintiffs have complied with 29 USC §626(d)(2) in that each of plaintiffs have filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the unlawful incident occurring, and has complied with the applicable procedural requirements and time deadlines of the ADEA and the NYEL.

35.    Each of Plaintiffs have complied with 29 USC § 626(d) in that it has been at least 60 days since charges were filed with the EEOC.

## STATEMENT OF FACTS

36.    As part of an institute-wide Reduction in Force ("RIF"), on or about December 16, 2008, Defendant RPI terminated eighty employees, including Plaintiffs, from RPI's employee population.

37.    The decision-making process with regard to each termination was highly subjective and arbitrary, and the individuals making termination decisions in the various departments of RPI were given very little guidance as to how to assess each employee in reaching an overall decision.

38.    RPI's decision-makers intentionally and disproportionately selected employees over the age of 40 for termination as part of a policy favoring younger employees in a manner that violates the ADEA and the NYEL.

39.    High level management at RPI knew or should have known of the discriminatory nature of the termination decisions announced on December 16, 2008, but did nothing to rectify those decisions.

40.    Prior to the RIF, RPI's employed a total of 2048 employees.

41.     Of those 2048 employees, 1364 were 40 years and older, a number which represents 66.60% of RPI's employee population.

42.     Of the eighty employees terminated, only twenty-three employees, or 16.2% of the employees terminated were under the age of forty.

43.     In contrast, sixty-seven of the eighty employees, or 83% of the employees terminated were over the age of forty.

44.     The difference between the termination rate of employees over the age of 40 and RPI's workforce as a whole is statistically significant.

45.     RPI's discriminatory and unlawful employment practices identified above were conducted in callous disregard of the rights of the Plaintiffs and have adversely impacted RPI's older employees. The practices have been adopted, condoned, and approved by RPI's management.

46.     RPI knew or should have known of the disparate impact of the decisions on employees over the age of 40.

47.     A statistical analysis of the RPI employment data indicates there is less than a one and one thousandth chance that the proportion of those laid off in the RIF differed by age group by mere chance alone and was not the result of intentional discrimination because of Plaintiffs age.

48.     Despite efforts by Plaintiffs to regain employment with RPI, RPI has failed and refused to rehire these plaintiffs.

49.     Further, and upon information and belief, RPI has either filled the position, or sought or continued to seek applicants of the Plaintiffs' qualifications to fill the vacancies created by the RIF.

50.     As a result of RPI's RIF and hiring decisions, RPI has transformed its demographics, lowering the average age of its employees in violation of the ADEA and the NYEL.

## AS AND FOR A FIRST CAUSE OF ACTION BASED UPON
## INTENTIONAL AGE DISCRIMINATION IN VIOLATION OF THE ADEA

51.     Plaintiffs restate and reallege paragraphs 1 through 50 as though set forth in full herein.

52.     Plaintiffs are members of a protected class in that they are were all over the age of 40 at the time of their termination.

53.     RPI is an employer covered by the ADEA.

54.     Plaintiffs all performed their jobs satisfactorily while at RPI.

55.     RPI intentionally terminated Plaintiffs as part of the RIF because of their age pursuant to a policy favoring younger employees.

56.     RPI has also failed and refused to rehire Plaintiffs and has instead filled the positions, or sought or continued to seek applicants of the plaintiffs' qualifications to fill the vacancies created by the RIF.

57.     RPI's discriminatory and unlawful employment practices identified above have been intentional deliberate, willful and conducted in callous disregard of the rights of Plaintiffs and have adversely impacted their older employees.

58.     By reason of RPI's discriminatory employment practices, Plaintiffs have suffered injury and loss.

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON DISPARATE IMPACT AGE DISCRIMINATION IN VIOLATION OF THE ADEA

59.     Plaintiffs restate and reallege paragraphs 1 through 58 as though set forth in full herein.

60.     RPI's process in making termination decisions in connection with the RIF, even if neutral on its face, resulted in a disproportionately higher termination rate of employees over the age of 40 compared to the work force as a whole.

61.     By reason of RPI's discriminatory practices, Plaintiffs have suffered injury and loss.

## AS AND FOR A THIRD CAUSE OF ACTION BASED UPON AGE DISCRIMINATION IN VIOLATION OF NYEL

62.     Plaintiffs restate and realleges paragraphs 1 through 61 as though fully set forth herein.

63.     Plaintiff is an individual with a disability pursuant to the NYEL.

64.     RPI is a covered employer pursuant to the NYEL.

65.     RPI unlawfully terminated Plaintiffs because of their age.

66.     RPI failed and/or refused to rehire Plaintiffs because of their age.

67.     By reason of RPI's discriminatory practices, Plaintiffs have suffered substantial injury, including loss of income, physical, mental and emotional injury, damage to their reputation in the community, loss of self-esteem, pain and suffering, loss of standing and other damages both personal and monetary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. That the practices of RPI complained of herein be determined and adjudged to be in violation of the rights of Plaintiffs under the ADEA and the NYEL.

2. That a permanent prohibitory injunction be issued prohibiting RPI, its officers, agents, employees and successors from engagement in the employment practices complained of herein.

3. That a permanent mandatory injunction be issued requiring that RPI adopt employment practices in accord with the requirements of federal and state employment discrimination law.

4. That judgment be entered in favor of Plaintiffs and against RPI on the first cause of action for backpay (including pre-judgment interest), front pay and all other amounts owed to Plaintiffs, including an equal amount as liquidated damages to the extent permitted by law, all in amounts to be determined at trial.

5. That judgment be entered in favor of Plaintiffs and against RPI on the second cause of action for backpay (including pre-judgment interest), front pay and all other amounts owed to plaintiffs in amounts to be determined at trial.

6. That judgment be entered in favor of Plaintiffs and against RPI on the third cause of action for backpay (including pre-judgment interest), front pay, compensatory damages (including but not limited to damages for past and future mental anguish, humiliation, pain and suffering), all in amounts to be determined at trial.

7. That RPI be required to reinstate Plaintiffs with back pay and seniority credit, with front pay until such time as they are reinstated.

8. That Plaintiffs be granted attorneys' fees, experts' fees, and the costs and expenses of this action.

9. That Plaintiffs be awarded such other further legal and equitable relief as may be found appropriate and as the Court may deem just and proper.

10. That the Court retain jurisdiction until such time as it is satisfied that RPI has remedied the practices complained of and is determined to be in full compliance with the law.


Dated: June 16, 2010
     Saratoga Springs NY

                            ANDERSON BYRNE LLC


                            _____/Michele L. Anderson/_____
                            Michele L. Anderson (Bar No. 509662)
                            Attorneys for plaintiffs
                            48 Union Avenue
                            P.O. Box 3392
                            Saratoga Springs, NY  12866
                            (518) 587-4905